UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARLON MINTER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-1019 |
| | ) | |
| RANDY PFISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

**JOE BILLY MCDADE, U.S. DISTRICT JUDGE.**

Plaintiff filed this case pro se from his incarceration in the Pontiac Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

**ALLEGATIONS**

Plaintiff alleges in conclusory fashion that he has been denied procedural due process in unspecified disciplinary hearings at the Pontiac Correctional Center. He alleges that the disciplinary committee, as a regular practice, fails or refuses to consider unspecified exculpatory evidence and fails to give an adequate statement of reasons for its decision. He alleges that the disciplinary hearing officers often falsely report that Plaintiff admits the disciplinary charges. Plaintiff alleges that he has been in segregation for three years because of these procedurally infirm disciplinary proceedings. Plaintiff further alleges that the hearing investigator assigned to investigate the disciplinary tickets does not conduct an adequate investigation.

**ANALYSIS**

Plaintiff seeks, in part, the expungement of unspecified disciplinary tickets and the return of his good time credit. However, the return of good time credit can be pursued in federal court only as a habeas corpus action, after Plaintiff has exhausted all of his state court remedies. This is because restoring Plaintiff's good time would shorten Plaintiff's incarceration, and a challenge to the

length of incarceration belongs in a habeas action. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus). Thus, claims which imply that Plaintiff's good time should be restored cannot be pursued in a § 1983 action until the good time is restored through other means. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Whether Plaintiff has any viable procedural due process claims cannot be determined without more information. The minimum procedural due process requirements to which a prisoner is entitled in disciplinary proceedings are: 1) advance written notice of the claimed violation before the Adjustment Committee hearing; 2) an opportunity to call witnesses and present relevant documentary evidence in his or her defense when consistent with institutional safety and correctional goals; and 3) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell* , 418 U.S. 539 (1974). If

these procedural protections haven't been followed, "the role of the federal court in reviewing prison disciplinary matters is extremely limited; it may decide only 'whether there is any evidence in the record that would support the conclusion reached by the disciplinary board.'" *Geder v. Godinez*, 875 F.Supp 1334, 1340 (N.D. Ill. 1995)(*quoting Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id. (citing Superintendent, Massachusetts Correctional Institution at Walpole v. Hill*, 472 US 445, 455 (1985)).

The Court needs to know what punishment Plaintiff received on each disciplinary ticket, including whether Plaintiff lost good time. Procedural due process protections are not triggered unless a constitutional deprivation is suffered. For example, grade demotions, short-term segregations, and disciplinary transfers are not severe enough to be considered constitutional deprivations. *See Thomas v. Ramos*, 130 F.3d 754, (7th Cir. 1997)(70-day segregation, grade demotion, and loss of commissary privileges did not trigger

procedural due process rights); *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000)(no liberty interest in remaining in a prison with more opportunities to earn good time).

Plaintiff alleges that he has spent three years in segregation because of disciplinary tickets, which could amount to the deprivation of a protected liberty interest. *Thoston v. Thurmer*, 689 F.3d 828, 832 (7th 2012)( remanding for determination whether 90-day segregation amounted to deprivation of constitutional liberty interest)(collecting cases). However, it is not clear whether Plaintiff has been continuously in segregation for three years or whether he has been in separate, shorter stints of segregation.

In addition to knowing the punishment Plaintiff received on each disciplinary ticket, the Court needs to know what the alleged exculpatory evidence was in each instance. A procedural due process violation is not actionable if the violation amounts to harmless error. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003)(applying harmless error analysis to refusal to call witnesses in disciplinary hearings). The disciplinary committee's findings need only be supported by "some" evidence, a lenient standard, not the "substantial" evidence standard as Plaintiff contends. *Webb v.*

*Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)("Even 'meager' proof will suffice . . . .")

The Court also notes that Plaintiff has no constitutional right to have the prison hearing investigator adequately investigate disciplinary tickets. *See, e.g., Whitlock v. Brueggemann*, 682 F.3d 567, 589 (7th Cir. 2012)("There is no affirmative duty on police to investigate."). To the extent Plaintiff alleges a violation of state administrative regulations, violations of state law are not, by themselves, violations of federal law. *Simmons v. Gillespie*, 712 F.3d 1041, 1044 (7th Cir. 2013)("The Constitution does not require states to ensure that their laws are implemented correctly.")

Accordingly, Plaintiff's Complaint will be dismissed for failure to state a claim. Plaintiff will be given an opportunity to file an Amended Complaint if he believes he can allege facts to support a plausible claim for relief under federal law.

However, the Court is concerned about whether Plaintiff is pursuing this action for purposes of harassment and whether his factual allegations have any evidentiary support as required by Rule 11(b) of the Federal Rules of Civil Procedure. A District Court in the Northern District of Illinois has dismissed one of Plaintiff's cases for

failure to exhaust and for fraud upon the Court. *Minter v. Philips*, 12-CV-7210 (N.D. Ill., Judge Alonso, d/e 71, p. 9). In that case, Judge Alonso found that Plaintiff had contradicted his prior sworn testimony in order to try to create false disputes of fact. *Id.* ("Only when confronted with the impossibility of that sequence of events [Plaintiff testified to in his deposition] did [Plaintiff] put forth an entirely different and inconsistent version of what transpired.") Additionally, Plaintiff has filed seven cases in the Central District of Illinois since 2013, two of them dismissed for failure to state a claim. *Minter v. Angus,* 13-CV-1370 (C.D. Ill.)(dismissed 12/4/13 for failure to state a claim); *Minter v. Godinez*, 14-CV-1202 (C.D. Ill.)(dismissed 6/26/2014 for failure to state a claim). One more dismissal for failure to state a claim, or because the action is frivolous or malicious, and Plaintiff will have three "strikes" under 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to proceed in forma pauperis unless he is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

To ensure that Plaintiff is not abusing the judicial process, Plaintiff must attach to his Amended Complaint copies of all the disciplinary reports he challenges, the disciplinary proceedings, and

the decisions by the Adjustment Committee, the Warden, and the Administrative Review Board. Plaintiff must also, in his amended complaint, set forth what steps he took to exhaust his administrative remedies. Typically exhaustion is an affirmative defense, *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013), but in light of Plaintiff's litigation history the Court needs to ensure that this action is not frivolous or malicious.

**IT IS THEREFORE ORDERED:**

1)      Plaintiff's Complaint is dismissed for failure to state a claim.

2)      Plaintiff is directed to submit an Amended Complaint by May 29, 2015. In the Amended Complaint, Plaintiff must specify the date of each disciplinary report and disciplinary hearing, the specifics of the procedural due process rights violation, whether Plaintiff was found guilty of the infraction, and the reason given for the decision. Plaintiff must attach copies of all the disciplinary reports and disciplinary findings he challenges. This includes copies of all disciplinary tickets, Adjustment Committee Reports, and Administrative Review Board decisions. Plaintiff must also specify how he exhausted his administrative remedies and attach

copies of any documents he has regarding exhaustion. This includes copies of grievances, grievance responses by counselors and grievance officers, the Warden's decision on each grievance, and the decision by the Administrative Review Board on each grievance.

3)     Failure to file an Amended Complaint as directed in paragraph (2) above, or filing an Amended Complaint which fails to state a federal claim, will result in dismissal of this action for failure to state a claim. If this action is dismissed for failure to state a claim, a strike will be assessed against Plaintiff pursuant to 28 U.S.C. § 1915(g).

ENTERED:   May 7, 2015

FOR THE COURT:

**s/Joe Billy McDade**
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE
