UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MARLON MINTER, SR.,            )
                               )
    Plaintiff,                 )
                               )
    v.                         )     15-CV-1019
                               )
RANDY PFISTER, et al.,         )
                               )
    Defendants.                )

**OPINION**

**JOE BILLY MCDADE, U.S. DISTRICT JUDGE.**

On May 7, 2015, Plaintiff's complaint was dismissed for failure to state a claim, with leave to file an amended complaint. The Court informed Plaintiff that failure to file an amended complaint, or filing an amended complaint that still failed to state a claim, would result in the dismissal of this case and the assessment of a "strike" under 28 U.S.C. § 1915(g). The Court also expressed concern that Plaintiff was pursuing the lawsuit to harass Defendants, given Plaintiff's litigation history and the dismissal of one of his cases in the Northern District of Illinois for fraud on the court. The Court assumes familiarity with its merit review opinion.

Instead of filing an amended complaint, Plaintiff filed a "motion to withdraw." He asks the Court to allow him to withdraw the action without being assessed a strike. He asserts that he cannot obtain the information ordered by the Court and that he "was unaware that he had to exhaust any state remedies prior to the filing in federal court." (d/e 8, p. 2.)

Plaintiff's statement that he was unaware of the exhaustion requirement is false. Plaintiff litigated the exhaustion issue in several of his prior cases, including the case in which he was found to have committed fraud on the court. *See* <u>Minter v. Delong</u>, 13-CV-1497 (C.D. Ill)(dismissed for failure to exhaust); <u>Minter v. Philips</u>, 12-CV-7210 (N.D. Ill.)(dismissed for failure to exhaust and fraud on court).

The Court will still determine, however, whether Plaintiff's motion to withdraw operates as an automatic voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).[1] This rule permits a plaintiff, "subject to any applicable federal statute," to dismiss an action without a court order if the notice of dismissal is

---

[1] According to an IDOC letter, Plaintiff was paroled on November 10, 2015. He has not filed a change of address. However, the Court will still address the merits of his motion to withdraw.

filed before the defendants file an answer or a summary judgment motion.

It is clear that if the requirements of Rule 41(a)(1)(A)(i) are met, the case is automatically terminated. The Seventh Circuit has rejected the argument that the dismissal should depend on whether "the court has considered the merits of plaintiff's suit." Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7th Cir. 1983). Even a case a year into discovery may be dismissed without court approval. Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885 (7th Cir. 1972)(upholding voluntary dismissal after a year of "discovery and scrimmaging" by the parties). The Seventh Circuit in Scam held that if the requirements of Rule 41(a)(i) were met, the action automatically terminated, with no action by the court.

Neither of these Seventh Circuit cases needed to or did address the meaning of the phrase "subject to . . . any applicable federal statute" on the right to voluntary dismissal. An applicable federal statute is at issue in this case: 28 U.S.C. § 1915A. In relevant part, 28 U.S.C. § 1915A requires the court to review and dismiss the complaint if the complaint fails to state a claim. This section was enacted as part of the Prisoner Litigation Reform Act,

the purpose of which is to reduce meritless prisoner filings.  <u>Jones v. Bock</u>, 549 U.S. 199, 202 (2007).

Allowing Plaintiff to voluntarily dismiss this action after the Court has determined that the complaint fails to state a claim would thwart the purpose of the Prison Litigation Reform Act.  Such a practice would permit prisoners a "free pass"—that is, allow a prisoner to file a complaint without any thought as to whether a claim is stated.  If the complaint was dismissed for failure to state a claim but with leave to amend, as per the usual practice, the prisoner could avoid a strike by voluntarily dismissing the action, having obtained a free and advisory legal opinion from the Court.  <u>Perez v. Fenoglio</u> 792 F.3d 768, 783 (7th Cir. 2015)(dismissal for failure to state a claim should, per usual practice, be without prejudice to filing an amended complaint).  This approach would increase, not decrease, meritless filings.  As reasoned by a district court in Texas:

> If a prisoner is allowed to dismiss his complaint without prejudice after he has been asked to amend the complaint because he failed to state a claim or after a magistrate judge has entered findings and conclusions which recommend summary dismissal of his complaint under §§ 1915, 1915A, or 1997e, the prisoner will not accumulate a "strike"; he will not have to weigh the

    merits of his complaint before filing because he can wait to let the court evaluate it for him; and he will be able to continue filing frivolous, malicious, and meritless complaints that unduly burden scarce judicial resources.

Hines v. Graham, 320 F.Supp.2d 511 (N.D. Tex. 2004).[2]

    The Court's research into this issue has not revealed a Seventh Circuit Court of Appeals case on point, but the Court did find some district courts and appellate courts that have reached the same conclusion as this Court.  *See, e.g.,* Aldrich v. U.S., 2015 WL 448118 (D. Mass.)(not published in federal reporter)("This Court agrees with the numerous district courts which have held that a prisoner's opportunity to voluntarily dismiss a case is subordinate to 28 U.S.C. § 1915A.")(citing district court cases from Georgia, Florida, Ohio, Virginia, and an unpublished Sixth Circuit case); Large v. Beckham County Dist. Court, 558 Fed.Appx. 827 (10th Cir. 2014)(assessing strike even though plaintiff moved for dismissal after Report and Recommendation issued but before it was accepted); Taylor v. First Medical Management, 508 Fed.Appx. 488,

---

[2] The district court in Hines distinguished the Fifth Circuit's nonprecedential contrary opinion in Thomas v. Phillips, 83 Fed.Appx. 661 (5th Cir. 2003), on the grounds that Thomas did not "address the relationship between Rule 41(a)(1) and the prisoner litigation provisions enacted by the PLRA." 320 F. Supp. at 524.  This Court cites Hines because of its persuasive reasoning, but acknowledges that Hines was arguably contrary to Thomas.

497 (6th Cir. 2012)("A plaintiff cannot avoid incurring a strike by simply voluntarily dismissing a claim.")(dicta).

The Court also found cases reaching the opposite conclusion. *See, e.g.,* Thomas v. Phillips, 83 Fed.Appx. 661 (5th Cir. 2003)(prisoner had absolute right to dismiss lawsuit without prejudice after Report and Recommendation advised dismissal with prejudice for failure to state a claim); Tholson v. Taylor, 2015 WL 1542560 (D. Alaska)(not published in federal reporter)(dismissing complaint without prejudice for failure to state a claim and giving prisoner leave to voluntarily dismiss or file amended complaint).

The Court sides with the former cases. Plaintiff's right to voluntarily dismiss this case is "subject to . . . [the] applicable federal statute" 28 U.S.C. 1915A, which requires the Court to review and, if warranted, dismiss a complaint filed by a prisoner. The Court already determined, pursuant to its duty under 28 U.S.C. § 1915A, that the only complaint on file fails to state a claim. Plaintiff has not filed an amended complaint nor does he contend that he can plead any facts to state a claim. Thus, Plaintiff has brought an action that fails to state a claim, and this action will be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed, with prejudice, for failure to state a claim.

2) This dismissal shall count as a "strike" pursuant to 28 U.S.C. Section 1915(g).

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

4) The clerk is directed to record Plaintiff's strike in the three-strike log.

5) The clerk is directed to enter judgment and to close this case.

ENTERED:   12/7/2015

FOR THE COURT:

                                          **s/Joe Billy McDade**
                                          JOE BILLY MCDADE
                             UNITED STATES DISTRICT JUDGE